STATE v. HOPKINS.

(Filed March 25, 1902.)

1. ABANDONMENT—*Husband and Wife—Adultery—The Code, Sec. 970.*

Where a wife is guilty of adultery, her husband is not liable to prosecution for abandonment.

2. ABANDONMENT—*Husband and Wife—Intent—Questions for Jury—The Code, Sec. 970.*

In a prosecution of a husband for abandonment, the question whether such abandonment was in good faith for the causes assigned is for the jury.

CLARK, J., dissenting.

INDICTMENT against R. B. Hopkins, heard by Judge *F. D. Winston* and a jury, at October Term, 1901, of the Superior Court of PAMLICO County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*D. L. Ward,* for the defendant.

FURCHES, C. J.    This is an indictment under Section 970 of The Code for abandonment and failing to support the defendant's wife and children.    The defendant charged his wife with infidelity and adultery with one Tom Daniels, drove her from home and commenced an action for divorce; and the wife has indicted him for abandonment.    The wife testified to her fidelity, denied the charge that she had been guilty of illicit intercourse with Tom Daniels or any one else; that the defendant drove her from home, and has neither fed nor clothed her since doing so; but that defendant has supported the children, except the baby, which she has with her, and which he says is not his child.    The defendant testified that he had seen Daniels in bed with his wife, and his daughter, 15 years old, testified that she had seen Daniels in bed with her mother, and a witness by the name of Joe Daniels testified that he had seen the prosecutrix in bed with Tom Daniels.

Upon this and other evidence in the case, the Court charged the jury: "If the wife is unfaithful to her husband, is not a chaste woman, the obligation to support her is removed. If you find from the evidence that the wife was guilty of adultery with Daniels, and was unfaithful to the defendant, you return for your verdict 'Not Guilty.' If you find from the evidence that she was not unfaithful to him, remained a true wife, then you will return 'Guilty' for your verdict; for he admits that he drove her from home and has not since supported her." Defendant excepted.

The jury returned a verdict of guilty, and the Court sentenced the defendant to two years in the county jail. Defendant again excepted.

The statute under which the defendant is indicted (Section 970 of The Code), is as follows: "If any husband shall wilfully abandon his wife without providing adequate support for such wife and the children which he may have begotten upon her, he shall be guilty of a misdemeanor."

So it is seen that there must be a *wilful* abandonment and a failure to support his wife and the children he may have begotten on her. To constitute the criminal offense, there must be both an abandonment and a failure to support. One without the other does not constitute the criminal offense, and, to constitute the criminal offense, the abandonment must be *wilful.* This word "wilful" as used in the statute must mean more than an intention not to live with the wife. If it does not, the husband would be compelled to live with and support his wife, although she was living in open and notorious adultery. We can not think this is so, and the Court in the trial of this case recognized this as not being the law, by telling the jury that if the prosecutrix had been guilty of adultery with Tom Daniels and unfaithful to the defendant, he was not bound to support her. There is no objection to this statement as a proposition of law, but the objection is as

to the manner of the trial, and the manner in which it was submitted to the jury. The defendant was on trial for a criminal offense, in which he was presumed to be innocent, and this presumption continued until he was found to be guilty by the jury beyond a reasonable doubt.

The manner in which the case was presented seems to us like the argument of counsel for the State. They sometimes indulge in such arguments, which are calculated to divert the minds of the jury from the real issue. But it is the duty of the Judge to hold the true issue with a firm and even hand, and to call the attention of jurors back to it, if their minds have been diverted. The issue to be tried by the jury was: Is the defendant guilty or not guilty, as charged in the bill of indictment? This issue was not submitted to the jury, except as a result of their finding upon a collateral and evidentiary question. It was the trial of the wife for adultery. *Anderson v. Steamboat Co.*, 64 N. C., 399.

Under the statute, the abandonment must be *wilful,* and this is a matter for the jury. Wherever an offense depends upon an intent—a purpose of the mind—that is a matter for the jury, as in the case of larceny. *State v. Coy,* 119 N. C., 901. And *wilful,* as we have seen, means without a cause to justify him in doing so. The defendant introduced evidence which he thought justified him in doing what he did; that the last child was born in eight months and fourteen days after he had an opportunity of being its father; that the prosecutrix had been seen in bed with Tom Daniels, and the defendant had commenced an action for divorce; that he could not live with the prosecutrix, after such knowledge, without condoning the offense. And though the jury found that the prosecutrix had not been guilty of adultery with Tom Daniels, still, if the defendant had all this evidence, and believed it to be true, would the law pronounce him a criminal because he did not live with her and support her and a child that he says is not his? These matters, we think,

should have been left to the jury to say whether the defendant's action in the matter was in good faith and for the causes assigned by him—whether abandonment was wilful or not, and if not wilful, the defendant would not be guilty. And upon the issue of guilty or not guilty, the defendant should have the benefit of any reasonable doubt.

To us, this is a remarkable case. We know of none like it; where a man accuses his wife of infidelity, drives her from home and commences an action of divorce, that she should turn round and indict him for abandonment, succeed in getting a trial before the action of divorce is tried, convict him and put him in the county jail for two years. As the defendant had an action of divorce pending against the prosecutrix, she might have applied in that action, upon motion and affidavit, for alimony pending the action, and, if she was entitled to a support from her husband, the Court would have given it to her. *Reeves v. Reeves,* 82 N. C., 348. This being so, and from the other facts appearing in the case, it seems to us that if the defendant had been properly convicted, the sentence of two years imprisonment in the county jail was too much. But from the view we take of the case we do not feel called upon to pass upon its constitutionality. And while it seems, from the manner in which the case was submitted to the jury, that they have in effect found for the defendant in the divorce case (prosecutrix in this case), yet that finding should not affect in any way the verdict in the divorce case. And if the jury in the divorce case should find a different verdict on the question of adultery from what the jury did in this case, it would be too late to relieve the defendant from what would then appear to be manifestly an unjust imprisonment. We do not think the defendant has had a fair trial, and he must have a

*Venire de Novo.*

CLARK, J., dissents.