STATE OF IOWA, Appellee, v. HARRY WAGNER, Appellant.

**Desertion: ADULTERY: EVIDENCE.** In a prosecution of a husband
1  for deserting his wife, to which a defense of the wife's adultery was entered, the evidence is considered and held to sustain a finding in favor of the wife on that issue.

**Admission of Evidence: HARMLESS ERROR.** An objection that the
2  prosecuting witness was permitted to testify to a previous prosecution of defendant and a dismissal of the action, as not the best evidence, is harmless error, where the record shows an admission by defendant of the facts testified to.

*Appeal from Van Buren District Court.*—HON. C. W. VERMILION, Judge.

WEDNESDAY, MARCH 9, 1904.

THE opinion states the case.—*Affirmed.*

*Wherry & Walker* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De-Gaff,* Assistant Attorney General, for the state.

WEAVER, J.—The indictment charges defendant with the crime of deserting his wife, Dora Wagner, after a marriage with her to escape prosecution for her seduction. Upon

1. DESERTION: adultery: evidence.

trial there was a verdict of guilty, and from the judgment entered thereon defendant appeals. It is shown without controversy that in the month of January, 1902, the defendant was arrested on charge of having seduced

the complaining witness, Dora Lucas, then an unmarried girl of less than seventeen years of age, and that, after an indictment was returned against him upon said charge, he married said witness, and the criminal proceeding against him was dismissed. It is also conceded that after the marriage the husband and wife lived together about three months, when defendant left the complaining witness, and his since refused to live with her. He seeks to justify this desertion by charging his wife with adultery with his father, who was for a time an inmate of the family. This charge the wife strenuously denies, and it is upon the question of fact thus presented the case principally turns. It is the earnest contention of counsel for appellant that the wife's infidelity is so clearly established that the verdict of the jury cannot be upheld. We are clearly of the opinion that this point is not well taken. The evidence directly bearing upon the question is wholly confined to the testimony of the appellant, his father, and his wife. The defendant swears he found them together on a bed, and the father, as a witness for the son, modestly admits that he saw a "man" in bed with Mrs. Wagner, and knows he had been invited thereto by "the woman," but refuses to give the overpersuaded culprit's name. Mrs. Wagner emphatically denies the story in its entire length and breadth, and insists that it is the product of collusion between the father and son. In the face of this conflict in the testimony, it was for the jury to determine the truth; and as between this woman, still scarcely more than an immature girl, on the one hand, and upon the other, a man who is willing to go upon the witness stand in the role of an admitted adulterer with the child wife of his own son, we are not in the least inclined to say that the jury was manifestly wrong in believing the former, notwithstanding the corroboration of the latter by a son who is willing upon any consideration to make that kind of an exhibition of the man he calls father. Considerable is said in testimony and in argument as to the conduct of appellant toward his wife and child during the short time they lived together, but we regard it as of but little importance. He does

not pretend to have had any sufficient cause for leaving her except the alleged occurrence which we have above mentioned, and the truth or falsity of that particular charge was the most vital question with which the jury had to deal. The other matters may have had indirect bearing upon the credibility of the wife as a witness and the value of her testimony, but we must presume the jury considered them for what they were worth in that connection.

II.   Complaint is made that the wife was permitted to testify to the prosecution of the appellant for seduction, and his subsequent discharge from such proceedings by reason of his marriage to her before trial. It is said

2. ADMISSION of evidence: harmless error

that these were matters capable of being shown by the court records, and that other evidence was not competent. · Without passing upon this proposition, we have to say that appellant's abstract shows an admission made in behalf of defendant upon the trial as follows: "It is conceded by the defendant that the charge of seduction was made against him, and that on that information he was arrested and bound over to the grand jury, and that the grand jury indicted him, and that he was placed on trial, and during the trial he married the prosecuting witness, and the case was dismissed." This concession superseded the necessity of producing the record, and renders harmless the error, if any, in admitting the testimony of the wife.

The appellant had a fair trial, the cause was submitted to the jury upon instructions which are not criticised by counsel in argument, and the verdict has ample support in the evidence. The judgment of the district court is AFFIRMED.