## 10170

### STATE v. STONE.

#### (98 S. E. 333.)

1. HUSBAND AND| WIFE—ABANDONMENT OF WIFE.—Where a husband abandons his wife, destroys his home, and provides no other place for her, his failure to supply her with necessaries at the place where circumstances compel her to live constitutes a violation of Cr. Code 1912, sec. 697, making inexcusable abandonment a misdemeanor.

2. CRIMINAL LAW—VENUE OF PROSECUTION—ABANDONMENT OF WIFE.— Where a husband by his conduct compels his wife to leave him, and she, of necessity, seeks a home in another county, his prosecution for failure to support in violation of Cr. Code 1912, sec. 697, was properly instituted in such other county.

Before DeVORE, J., Lexington, Summer term, 1918. Reversed.

Defendant, Frank Stone, was indicted for abandoning his wife, Eva Stone. Defendant's motion to dismiss was granted, and the State appeals.

*Mr. Solicitor George Bell Timmerman,* for the State, appellant, submits: *There are three exceptions that may well be considered together, as they raise practically the same issue, stated somewhat differently. The question, briefly stated, is: Did the presiding Judge commit error of law in (a) withdrawing the case from the jury, and (b) in not submitting the case to the jury, on the ground that the undisputed evidence showed the venue to be in Aiken county and not in Lexington:* Criminal Code 1912, sec. 497; 19 S. C. 442; 12 Cyc., pp. 236 and 237; 66 Ill. App. 103.

*Messrs. Claude E. Sawyer* and *C. M. Efird,* for respondent. *Mr. C. M. Efird* cites: As to the Sessions Court of Lexington being without jurisdiction: 44 Hun. N. Y. 181 (Pa. 1885); 2 Lancaster Law Review (Century Digest); 136 N. Y. S. 679; 173 Ill. App. 640 (1913); 174 S. W. 1062 (Tex.); 4th Supreme Court (Pa.) 159; 1 Penwillis R. (Del.) 274.

February 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent, Frank Stone, was indicted under section 697, Criminal Code of South Carolina, for abandoning and failing to supply the actual necessities of life to his wife, Eva Stone. The section is:

*"Misdemeanor for Husband to Fail to Support Wife and Children.*—Any able-bodied man who shall, without just cause or excuse, abandon or fail to supply the actual necessities of life to his wife or to his minor unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned for a term not exceeding one year, or be liable to a fine not exceeding two hundred dollars: *Provided,* That if he, either before or after conviction, shall give bond, with one or more sureties, approved by the clerk of the Court, in the sum of not less than $300, conditioned upon his supporting and maintaining his said wife or said minor unmarried child or children, he shall not be imprisoned or the fine imposed until the condition of said bond is broken."

The defendant and his wife lived together for a short time only. Stone lives in Aiken county, near the Lexington county line, and was married there. His wife, before her marriage, lived with her father in Lexington county. On account of the disagreement between them, Stone left his home in Aiken county and told his wife he did not intend to live with her any longer. He sent to the house and had it stripped of everything, even the stove and cooking utensils which she was using at the time to prepare her dinner. Having nowhere else to go, Mrs. Stone went across the county line to live with her father.

The evidence tends to show that Stone has not returned, nor offered to return, to his wife, or to provide a home for her anywhere, and avows his intention not to do so.

32—111

The indictment in this case was given out in Lexington county. The defendant moved to dismiss the proceedings, on the ground that the Court of General Sessions of Lexington county was without jurisdiction to try the case, because the offense, if any, was committed in Aiken county.

The presiding Judge held that the Court in Lexington county was without jurisdiction and dismissed the case. From this ruling the State appealed.

Abandonment may be one act, or a continuing act, according to circumstances. The offense is made by the statute a continuing offense. While it is ordinarily true that a husband is only required to furnish the necessities of life at his place of residence, yet, if he destroys his home and provides no other place where she can live, then, from the necessity of the case, she must live where she can live, and the place where she can live is the place where he must provide for her. Mrs. Stone found a home in Lexington county and it was his failure to supply the necessities in Lexington that was a violation of the statute.

The judgment is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE HYDRICK dissents.