10224

STATE v. PEEPLES.

(99 S. E. 813.)

CRIMINAL LAW—VENUE—FAILURE TO SUPPORT WIFE AND CHILDREN.— In prosecution of husband, under Cr. Code 1912, sec. 697, for failure to support wife and children, the county of husband's residence, and not that of residence of wife and children, was proper county for trial; the offense having been committed in such county.

Before TOWNSEND, J., Kershaw, Summer term, 1919. Affirmed.

Wesley Peeples was convicted for failure to support his children, and he appeals.

*Mr. W. B. DeLoach,* for respondent, submits: *That the Court of General Sessions for Kershaw county was without jurisdiction, because the wife and children of defendant were living in Lee county at the time named in the indictment:* State Const. 1895, art I, sec. 17; 98 S. C. 134.

*Solicitors Cobb* and *Spigner,* for the State.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted under Section 697 of the Criminal Code for failure to support his wife and children. The appellant lives in Kershaw county. There was a disagreement between the husband and wife, and she moved into and now lives in Lee county with her children. The appellant demurred to the jurisdiction of the Court of Kershaw county, and claimed that the offense, if any, was committed in Lee county, where the wife and children reside. The demurrer to the jurisdiction was overruled, and the defendant was convicted for failure to support his children. From the sentence and judgment the defendant appeals, on one exception, as follows:

"For error in his Honor in overruling the demurrer made by the defendant to the jurisdiction of the Court upon the ground that at the time charged in the said indictment the wife and children of the said defendant were residents of the county of Lee."

The exception cannot be sustained. The recent case of *State v. Stone,* 98 S. E. 333, holds that the husband is required, primarily, to furnish necessaries of life for his wife at his residence. The defendant resided in Kershaw

county, and the place the appellant was required to furnish necessaries was in Kershaw county. The offense was committed in Kershaw county and Kershaw county was the proper county for the trial.

The judgment is affirmed.