## 10452

### THE STATE v. SCURRY.

#### (103 S. E. 527.)

PARENT AND CHILD—FATHER NOT CRIMINALLY LIABLE FOR SUPPORT OF CHILDREN TAKEN FROM HOME BY MOTHER.—Where wife left family home and took the children with her and forbade their return to their father's house, the father was not criminally liable for failure to provide for them.

Before McIVER, J., Richland, Spring term, 1920. Reversed.

James Scurry was indicted for nonsupport. Upon conviction, defendant appeals.

*Messrs. Cole. L. Blease* and *Paul A. Cooper,* for appellant, cite: *Husband has right to choose domicile and wife cannot command support elsewhere unless forced to leave his home by mistreatment: Wise v. Wise,* 60 S. C. 447; *Levin v. Levin,* 68 S. C. 123.

*Mr. E. O. DePass,* oral argument for the State.

June 28, 1920.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The defendant was indicted for failure to support his wife and children. The charge was withdrawn in so far as it affected the wife.

The record shows that the defendant maintained a home for himself and family at Booker Washington Heights, near Columbia; that for some reason, not stated in the record, the wife left the family home and took the children with her; that she forbade the children to return to their father's house or to receive presents from him, and punished them when they disobeyed the prohibition; that the defendant provided amply for them at his home, but they were insufficiently clad while staying away from home with their mother. At the conclusion of this evidence on behalf of the State, the defendant moved for a direction of a verdict of "not guilty." This motion was refused, and the defendant was found guilty and sentenced to a fine or imprisonment.

There are six exceptions, but only one need be considered. The trial Judge should have directed a verdict of "not guilty." *State v. Peeples,* 99 S. E. 813, 814.

The recent case of *State v. Stone,* 111 S. C. 496, 98 S. E. 333, holds that the husband is required "primarily to furnish necessaries of life for his wife at his residence." The same thing applies to his children.

The judgment is reversed.

Mr. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

Mr. JUSTICE HYDRICK did not sit.