STATE v. LANCASTER

(133 S. E., 824)

1. HUSBAND AND WIFE.—Refusal, in prosecuton for abandonment and nonsupport of wife and children, to charge that adultery of wife was just cause and excuse for husband not supporting her, *held* erroneous.

2. CRIMINAL LAW.—Charge that adultery of wife was just cause and excuse for husband not supporting her *held* not a charge on facts, but abstract proposition of law.

3. HUSBAND AND WIFE.—Adultery prior to abandonment is defense to prosecution for husband's failure to support.

4. PARENT AND CHILD.—Though wife's adultery is sufficient defense to charge of abandoning her, it has no application to abandonment and failure to support children.

5. HUSBAND AND WIFE.—Refusal to charge, in prosecution for abandonment and failure to support wife and children, that husband had right to choose domicile, and wife refusing to go with husband, cannot claim his support, *held,* erroneous.

6. HUSBAND AND WIFE—PARENT AND CHILD.—Husband and father is required to furnish necessaries of life to either wife or children only at his place of residence.

Before BONHAM, J., Spartanburg, January, 1925. Reversed and remanded for a new trial.

A. H. Lancaster was convicted of abandonment and non-support of his wife and minor children, and he appeals.

*Messrs. Nicholls, Wyche & Byrnes,* for appellant, cite: *Charge of abstract proposition of law not charge of facts: 63 S. E., 271. Adultery of wife prior to abandonment by*

*husband is defense to prosecution for nonsupport:* 47 N. Y.
S., 974; 34 N. Y. S., 1118; 40 S. E., 973; 118 N. W.,
399; 117 N. W., 958; 98 N. W., 763; 21 Cyc., 1613.
*Judges to declare law only:* Const. 1895, Art. 5, Sec. 26.
*Husband not bound to support minor chidren where wife
takes them away:* 114 S. C., 191. *Domicile of husband
proper place for trial:* 124 S. E., 629; 99 S. E., 913; 244
F., 967; 114 U. S., 642; 28 L. R. A., 289; 7 A. & E. Enc.
of Law, 645. *Husband only required to provide necessa-
ries for wife and children at his residence:* 114 S. C., 192;
111 S. C., 498. *Testimony competent unless objected to by
opposing counsel:* 79 S. C., 187. *Marriage, provable by
general reputation:* 68 S. C., 37. *Keeping of disorderly
house provable by general reputation:* Dudley, 346.

*Messrs. I. C. Blackwood, Solicitor,* and *C. E. Daniel* for
respondent.

July 1, 1926.

The opinion of the Court was delivered by Mr. ACTING
JUSTICE RAMAGE.

The defendant, A. H. Lancaster, was convicted in the
Court below on a charge of abandonment and nonsupport
of his wife and minor children dependent upon him. It
was fully established that the defendant left his wife and
children; that one I. B. Eubanks lived in the house with
defendant and his said wife, and the said Eubanks contin-
ued to reside in the same house with the wife after defend-
ant had left her; and that part of the time, at least, there
were no others in the house except Mrs. Lancaster, the
children, and the said Eubanks. Mrs. Lancaster claimed
that Eubanks was there in the capacity of a boarder; the
defendant, Lancaster, claimed that Eubanks was there in
the role of a paramour of Mrs. Lancaster.

There are several questions raised, but we shall con-
sider only two which, in our judgment, determine
this appeal: (1) Defendant requested the trial Judge
to charge:

"I charge you that adultery on the part of the wife would be a just cause and excuse for a husband not supporting her."

This was a sound proposition, supported by legal reasoning and the common instinct of humanity. The question of "just cause or excuse" is the crux of this prosecution. What could justify a husband more in the eyes of the law and of society than the fact that his wife is blasting the marital relation and wrecking the home by intimacy with another man, in leaving the wife and in seeking a better and purer atmosphere in which to live and work.

The learned Judge was wrong in giving as his reason for the refusal to charge this request that it was a charge on the facts, as this was not a comment on the the facts, but was an abstract proposition of law. *Edwards v. Railway,* 63 S. C., 71; 41 S. E., 458.

He was wrong, also, as this was a sound proposition of law and applicable to the testimony in the case on trial.

"Adultery of a wife prior to the abandonment is a defense to a prosecution for the husband's failure to support." 21 Cyc., 1613. *State v. Schweitzer,* 57 Conn., 532; 18 A., 787; 6 L. R. A., 125. *People v. Bliskey,* 21 Misc. Rep., 433; 47 N. Y. S., 974. *People v. Brady,* 13 Misc. Rep., 294; 34 N. Y. S., 1118. *State v. Hopkins,* 130 N. C., 647; 40 S. E., 973. *State v. Wagner,* 123 Iowa, 271; 98 N. W., 763.

"Unfaithfulness on the part of a wife is a good cause for deserting her within the statute defining desertion without good cause." *State v. Stout,* 139 Iowa, 557; 117 N. W., 958.

"The expression 'good cause' as used in the statute, punishing desertion of wife and children, means 'sufficient cause' and in case of the wife, this may be such as would justify separation." *State v. Dvoracek,* 140 Iowa, 266; 118 N. W., 399.

The Court takes occasion to say that while this defense of adultery would apply so far as the wife is concerned, it would not apply as regards the children and would not affect that part of the prosecution relating to the abandonment and failure to support the children. The first exception must, therefore, be sustained.

2. The Court was further in error in failing to charge the fourth request as presented and in qualifying the same as he did:

"The husband has the right to choose the domicile, and if a wife refuses to go with her husband, she cannot claim support, and if you find such to be the facts in this case, your verdict would be not guilty."

That eminent lawyer, Chancellor Dargan, lays down the correct rule in *Hair v. Hair,* 10 Richardson's Equity, at page 176:

"Stripped of all extraneous matters, the simple question is, did the husband desert his wife, the plaintiff? It must be a legal desertion. It is not every withdrawal of himself by the husband from the society of the wife that constitutes desertion in legal contemplation. The conduct of the wife must be blameless. If she elopes or commits adultery or violates or omits to discharge any of the important hymeneal obligations which she has assumed upon herself, the husband may abandon her without providing for her support and this Court would sustain him in such a course of conduct. The husband has the right without the consent of the wife to establish his domicile in any part of the world, and it is the legal duty of the wife to follow his fortune wheresoever he may go."

This is a clear statement of the law as applied to a civil case, and it will apply with still greater force in a criminal prosecution where the defendant must be proven guilty beyond a reasonable doubt.

The following appears in the testimony of Mrs. Lancaster:

"Q. Are you willing to let him have them (the children)? A. No, sir; I am not.

"Q. You are not willing to let him have the children? A. No, sir; he wasn't good to them when he was here. He can't get them either. * * *

"Q. When Lancaster came down and asked you to go to North Carolina and live with him, you refused to go? A. I told him I didn't know I had a home up there.

"Q. Didn't you refuse to go? A. Yes, I refused to go."

"A husband is only required to furnish the necessities of life at his place of residence" unless "he destroys his home and provides no other place where she can live." *State v. Stone,* 111 S. C., 498; 98 S. E., 333.

"The same rule applies to children." *State v. Scurry,* 114 S. C., 192; 103 S. E., 527.

As the case must go back for a new trial, we do not care to discuss the issues raised any further.

It is the judgment of this Court that the judgment of the lower Court be reversed and the case remanded for a new trial.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE, and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring) : I construe the request to charge as referring to the conduct of the wife prior to the alleged abandonment; so construed, it contained a sound proposition.

MR. JUSTICE BLEASE (concurring) : I fully agree with the opinion of Mr. Acting Associate Justice Ramage. Like Mr. Justice Cothran, I construe defendant's request to charge as referring to the wife's conduct prior to the alleged abandonment. In my opinion, the adultery of the wife after the abandonment would not be a defense in prosecution for nonsupport occurring prior to her adultery.

If the Judge had charged the request, it would not have been a charge on the facts.    He could have stated that adultery prior to the abandonment was a good defense, so far as failure to support the wife was concerned, just as a Judge might state, in a case where murder is charged, that self-defense, under the law, is a good defense against that charge.

MR. JUSTICE STABLER concurs.