15078

STATE v. STAFFORD

(8 S. E. (2d), 849)

October, 1939.

*Mr. Plumer C. Cothran,* for appellant,

*Mr. Hubert E. Nolin,* Solicitor, for the respondent.

May 6, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The defendant, W. B. Stafford, was convicted at the October, 1939, term of the Greenville County Court upon the second count of an indictment charging abandonment and nonsupport of three minor, unmarried children, of the ages of sixteen, thirteen, and eight years, respectively. The indictment charged the defendant in the first count with abandonment, and with failure to support his wife, but this charge was withdrawn.

In his appeal to this Court he contends that the conviction should be reversed upon several grounds, which will be taken up in order.

Before passing upon the issues, we deem it desirable to state briefly some of the salient facts and circumstances out of which this prosecution arose. The defendant and his wife, Anna M. Stafford, were married in 1903. Seven children were born to this union. The husband and wife separated in 1935, after a long, stormy history of domestic strife and bitterness, which culminated, according to Mrs. Stafford, in an attack upon her life. She testified that he attacked her with a knife, attempting to cut her throat. She escaped injury, she said, through the intervention of one of her older sons. That this attack was made upon her because she told him she would call the police because of his cursing and abuse. Thereafter she obtained a warrant from a local magistrate and placed him under a peace bond as a measure to secure her

safety. After the warrant was issued the defendant left his home, and never returned. He now claims that by reason of the peace bond and the alleged conduct of his son on the occasion above referred to, he was forced to desert his home. Appellant operates a shoe shop in the City of Greenville, and, according to his own evidence, his gross receipts from this business during the year prior to his trial (which was 1938) amounted to over $1,600.00. He testified, however, that his net income amounted to only $560.00.

A warrant was issued for his arrest in January, 1939, under Section 1123 of the 1932 Code, charging him with abandonment and with nonsupport. Testimony for the State tends to show that during the period from 1934 to January, 1939, he made small, sporadic, and inadequate contributions to the support of his minor children, which fell far short of providing the actual necessaries of life. Within a year after he left home, in 1935, his house in which his wife and children had continued to live, was sold under a mortgage foreclosure. The two older daughters were employed in one of the textile mills in Greenville, and together made $43.00 per week. An older boy, Ralph, under age, but not alleged to be dependent upon the defendant, earned $11.00 per week. On the basis of this income, the family purchased a home on long term payments, and have been occupying it ever since. The two older daughters have now married and moved away, and although they still contribute to the support of the three younger children, this aid is not sufficient to afford them the necessaries of life.

The testimony for the State is to the effect that following the arrest of the defendant in January, 1939, the case was reached for trial in June. It was continued at that time, and for the entire period of five weeks following the continuance the defendant sent to the home of his wife and children about $3.00 worth of groceries. It likewise appears from the State's case, that he has never requested the children to live with him, nor has he offered a home to them. The record is full

of charges and recriminations between Mr. Stafford and Mrs. Stafford, involving immorality and infidelity, which each denies.

It is said that the Court erred in charging an incomplete, restricted, and, in the light of the issues made by the testimony, an erroneous proposition of law, as follows: "If, however, the wife should, without just cause or excuse, leave her husband and carry her unmarried, minor children away from the home of her husband which he so provided for them, then under the law the husband would not be required to support them."

Appellant argues that the Court having undertaken to state the terms under which defendant would be excused from the support of his children, it should have gone further and charged that such immunity would also extend to cases where the wife by force of arms causes and forces her husband to desert his home and his minor children.

We see no error in the foregoing instruction. *State v. Craig,* 161 S. C., 232, 159 S. E., 559; *State v. Lancaster,* 135 S. C., 412, 133 S. E., 824; *State v. Stone,* 111 S. C., 496, 98 S. E., 333. If the appellant had desired a fuller and more comprehensive charge, it was his duty to have requested it. The trial Judge, immediately before the instruction in question, had charged the jury, "but if he (the husband) destroys his home by cruel and inhumane treatment, and his conduct is such that his wife and children cannot live with him in safety and peace, she can live anywhere, and where she can, and under those facts and circumstances the husband would have to provide her and his unmarried, minor children at her home that she might choose."

It is next contended that the first count of the indictment having been withdrawn, the Court erred in charging the jury: "In other words, gentlemen, the unfaithfulness of the wife does not excuse the father from supporting his minor, unmarried children." There can be no question that the proposition of law as charged is sound, but

appellant contends that the charge was confusing and misleading, causing the jury to conclude that an alleged attack of the wife, through the son, upon the life of appellant, and the placing of appellant under a peace bond to remain away from home, all growing out of the alleged unfaithfulness of the wife, was not to be considered as excusing defendant from guilt. It was for the jury to say whether, under all of the evidence, the defendant failed to supply his minor children with the actual necessaries of life—without just cause or excuse. The alleged infiedelity of the wife could not affect the issue.

The appellant strove to show that he was driven away from home by his son at the time his wife claims that appellant assaulted her with a knife. But this and all kindred issues were submitted to and passed upon by the jury.

Error is assigned to the Court in failing to grant a new trial, upon the ground that the State had failed to prove that the defendant was an able-bodied man, capable of earning a livelihood.

The defendant introduced evidence tending to show that he suffered from chronic Bright's Disease, inguinal hernia, high blood pressure, and an improperly healed arm which had been broken many years before, and that if he worked he might suffer a stroke of paralysis or cerebral hemorrhage.

The statute (Section 1123) provides that: "Any ablebodied man or a man capable of earning or making a livelihood who shall, without just cause or excuse  *  *  *." The defendant is 56 years of age, and the jury had the opportunity of seeing and observing him. But whether ablebodied or not, the evidence shows that he was actually operating a shoe shop, and had been doing so for twenty years; and was capable of earning or making a livelihood. And the evidence likewise tends to show that his gross income for the previous year was over $1,600.00; that he owned and drove an automobile, although he testified that two payments thereon were delinquent. And from the evidence the jury could have concluded that he was contributing to the support

of another woman for immoral purposes. We think there was no error in the refusal of the Court to grant a new trial.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.