15868
## STATE v. HELLAMS
(39 S. E. (2d), 212)

*Messrs. Blackwell, Sullivan & Wilson,* for Appellant,

*Messrs. Hugh Beasley,* Solicitor, and *W. H. Nicholson,* Assistant Counsel for the State, for Respondent,

August 20, 1946.

Mr. Chief Justice Baker delivered the opinion of the Court.

This is an appeal from a conviction and sentence of the appellant on the charge of non-support of his minor children. under Section 1123 of the Code of 1942.

The indictment as drawn charged the non-support of the appellant's wife and minor children. The grand jury very properly returned a "no bill" as to the wife, but returned a "true bill" as to the minor children.

We will very briefly state the relevant facts. The prosecutrix and the appellant had lived together as man and wife for about seventeen years, during which time there were born seven children, three of whom died. The appellant worked regularly in the textile industry, as did his wife the greater portion of the time. At one period of time the prosecutrix (the wife of the appellant and the mother of the minor children here involved) undertook to operate a beauty parlor and boarded the beauty parlor operators. This beauty parlor was operated at a loss, a portion of which loss was borne by the appellant, and resulted in a slight dissension between this married couple. The bone of contention which furnished an excuse for the wife to move from the home provided by the appellant for her and the children involved was the fact that the appellant's mother had lived with them for approximately six years. The testimony of the prosecutrix tending to establish a case of *"mother-in-law-itis"* is not too convincing; and the appellant testified that such claim on the part of the wife was unfounded, and was used by her as a convenient exculpation for separating from him. Be that as it may, on May 11, 1942, the wife rented another home about two miles distant in Greenwood County, in which County she and appellant were then living, and moved to same, taking with her practically all of the household furniture which she and the appellant had accumulated, and their four minor children. For a few weeks after this separation, the appellant voluntarily contributed to the support of his wife and children, and then discontinued this support. The appellant repeatedly asked for the custody of the children, but the wife refused to let him have them. He then asked

for two of them, and this request was refused. Even during the trial of this case, the prosecutrix averred that she would not give to the appellant the custody of the children. At one time the appellant instituted a proceeding for the possession of the children, which was resisted by the prosecutrix (the wife), but this action was not prosecuted to a conclusion. It is not claimed by the prosecutrix that the appellant ever at any time mistreated or abused her. Further, the testimony for the appellant (and it is uncontradicted) shows that he was a man of good reputation, and within his means provided well for his family while they lived with him. In fairness to the appellant, it should also be here recorded that his wife wrote to him, stating that she had been unjust to him and asked his forgiveness for leaving him; and thereafter undertook to induce him to move to the home she had rented, and to bring with him his mother to live, although refusing to return to any home he might provide.

The foregoing is a brief summary of the salient relevant facts adduced upon the trial of the case in the Circuit Court.

The appellant has stated the "Questions Involved" as follows, and the respondent does not take issue therewith:

"1. Should the State have been permitted over objection of defendant, to introduce testimony as to divorce proceedings and remarriage of defendant, when such testimony was not germane to the issues involved?

"2. When a wife over protest of her husband takes minor children from the home of her husband where he provided for them, should testimony as to conduct of wife with reference thereto be submitted to the jury on trial of husband for non-support of minor children?

"3. Has an able-bodied man and a man capable of earning a livelihood any defense to a charge of abandonment and non-support of his minor children?

"4. Was it error for the presiding Judge to refuse to charge the jury a request of defendant in which he quoted

*verbatim,* relevant portions of the law as declared in *State v. Stafford,* 193 S. C., page 477, 8 S. E. (2d), 849?"

Upon the trial of the case, and without objection, the prosecutrix testified that the appellant had brought in the courts of Florida, in which State he had found employment, two proceedings for divorce, and had abandoned them when she filed answers thereto. When the prosecutrix was asked what happened to a third proceeding brought by the appellant for divorce, one of appellant's counsel objected, and in so doing stated that the appellant had procured a divorce and had remarried, but contended that this fact was not germane to the issue being tried. The trial Judge at first sustained the objection, but when he reversed his ruling the matter was not pursued further, the counsel for the appellant having admitted. all that the prosecution desired to prove in reference thereto. And in his charge to the jury the trial Judge told them "* * * that the matter of divorce between these parties has no bearing at all on the issue you are to try. Whether or not there was another woman in the case, and the fact that the defendant may have remarried has nothing whatever to do with it".

It will therefore be seen that there is no real basis for appellant's Question No. 1. The other stated "Questions Involved" will be discussed together.

Section 1123 of the Code reads in part as follows:

"Any able-bodied man or a man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor, unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor. * * *"

In *State v. Scurry,* 114 S. C., 191, 103 S. E., 527, the Court held that the husband is required primarily to furnish the necessaries of life for his wife at his residence (citing *State v. Stone,* 111 S. C., 496, 98 S. E., 333), and that the same thing applies to his children. It was recognized in that

case that the words in the statute, "without just cause or excuse", are of important significance.

The next case which comes to our attention is *State v. Tucker,* 118 S. C., 238, 110 S. E., 398. That case is so nearly on all-fours with the instant case, and the opinion is so short that we reproduce it in full:

"Appeal by defendant from conviction under an indictment charging him with a violation of Section 697 of the Criminal Code, failure to support his wife and child.

"The sole ground of appeal is the refusal of the Circuit Judge to grant the defendant's motion for the direction of a verdict of not guilty. It will serve no useful purpose to review the testimony in the case. Upon a careful consideration of it we are satisfied that the testimony shows largely from her own statements, indisputably, that the wife refused to live with her husband for the reason that he would not maintain a house separate from his mother; that she admitted the kind treatment of her mother-in-law; that the defendant never mistreated her and made suitable provision for her as long as she would live with him; and that he had time and again begged her to return to his home. The motion for a directed verdict should have been granted.

"The judgment of this Court is that the judgment appealed from be reversed, and that the case be remanded to the Court below, with instructions to direct a verdict under rule 27 (90 S. E., xii)."

In *State v. Collins,* 123 S. C., 487, 116 S. E., 926, in a brief opinion, the Court reversed a conviction for the nonsupport of a wife and children and directed a verdict of not guilty, citing *State v. Scurry, supra,* and *State v. Tucker, supra.*

In *State v. Lancaster,* 135 S. C., 412, 133 S. E., 824, the Court again recognizes the holding in *State v. Scurry, supra;* and further holds directly opposite to the law charged in the instant case, which will hereinafter be quoted.

This Court, in the comparatively recent case of *State v. Stafford,* 193 S. C., 474, 8 S. E. (2d), 849, approved the following proposition of law charged the jury: "If, however, the wife should, without just cause or excuse, leave her husband and carry her unmarried, minor children away from the home of her husband which he so provided for them, then under the law the husband would not be required to support them". In this same case the Court also approved the charge that the unfaithfulness of the wife does not excuse the father from supporting his minor, unmarried children. This is, of course, a correct abstract proposition of law, but as stated in the *Stafford case,* it was for the jury to say whether, under all of the evidence, the defendant failed to furnish the actual necessaries of life to his minor children, without just cause or excuse.

The trial Judge in this case charged the jury, *inter alia,* as follows:

"I charge you further that the conduct of the wife has nothing to do with the issue in the case. The question that you are to determine is whether or not the defendant has just cause or excuse for failure to support his minor four unmarried children as named in each one of the counts in this indictment.

"I charge you further that the matter of who should have possession of these children is not a matter for you to decide. Either party has the door open to them, the doors of the court on the civil side of the court to determine that issue. And the matter, determined one way or the other, does not necessarily relieve the father of this obligation. So I charge you as a matter of law that the question for you to decide, the principal question for you to decide in this case is whether or not the husband, the defendant in this case, has shown any just cause or excuse for the failure to support the children named in the indictment.

"As I stated to you the conduct of the wife is not an issue in this case for you to decide, and mis-conduct of the wife

does not relieve the father of the duty to support the children. Let me give you an illustration, one that would not apply to this case, for there is no testimony to the effect that there has been any misconduct on the part of the wife to where this illustration would apply. Suppose a mother, entirely unworthy, immoral and living the worst kind of life you could imagine, should take the children out of the home the parents had made, that would not excuse the father from his duty under the law if necessary to pursue those children and put them in a proper home and support them. The children are the ones the law protects, not the wife herself. She is not concerned."

This charge, while in the main correctly stating abstract propositions of law, was so misleading under the evidence in this case as to amount to error of law. The established law in this State is that where a husband is providing a home, and the necessaries of life therein for his wife and minor, unmarried children, and the wife without just cause or excuse leaves that home and takes such minor children with her, and without just cause or excuse refuses the husband the custody of the children, then the duty no longer devolves upon him to support either.

It is not necessary for the husband to first establish on the civil side of the Court that he is entitled to the possession of the children. In other words, he is not barred of the defense that he is not supporting his minor children for just cause or excuse merely because he has not, prior to the criminal prosecution, established on the civil side of the Court his right to their custody.

It was for the jury to say, under appropriate instructions, whether the prosecutrix in leaving the home of the appellant, and taking with her their minor children, was justified in so doing. If not, and such fact is established by the appellant by the preponderance of the testimony, and the prosecutrix continues without just cause or excuse to refuse the appellant the custody and possession of the children, and such fact

is established by the appellant by the preponderance of the testimony, a matter to be passed upon by the jury, then such defense is available to him.

Under the charge of the trial Judge in this case the appellant was, for all practical purposes, deprived of his defense that he was not supporting his minor children for just cause or excuse.

It scarcely needs to be said that the rules applied in the present case rest upon the express provisions of Section 1123 of the Code, and that the principles of the common law and of equity jurisprudence which govern the responsibility of parents to their children independently of the statute are pertinent here only to the extent that they bear upon the question of "just cause or excuse". In a suit on the civil side of the Court, even if only maintenance for or only custody of the children is asked, both the right to the custody of the children and the enforcement of the obligation to support them may be gone into fully, and adjustments made that take into account considerations that cannot be appropriately dealt with in a criminal case brought under the applicable statute. Obviously, therefore, the holdings made in this case will not control the disposition of any case pending or that may be brought on the civil side of the Court.

Reversed and remanded for a new trial.

Mr. Associate Justice Taylor concurs and Messrs. Associate Justices Fishburne, Stukes and Oxner concur in result.

Mr. Associate Justice Oxner (concurring in result):

There is a diversity of opinion among the authorities on the question of whether a father should be relieved of criminal responsibility for failing to support his minor, dependent children where the mother, without just cause or excuse, takes the children away from a suitable home provided by the father and keeps them in custody against his wishes. 39 Am. Jur., page 765; Annotation 23 A. L. R., page 864. If

this question were an open one in this State, I would unhesitatingly adopt the view that the father is not relieved of criminal responsibility to support his child because it is in the custody of its mother who refuses to live with him. If the children are improperly detained by the mother, I think the father should resort to appropriate legal proceedings to have the right of custody determined. I am in full accord with the following statement, quoted with aproval in *State v. Washnesky*, .... Minn., ...., 246 N. W., 366: "The children are not responsible for the unfortunate differences which have caused the estrangement and separation of the parents and ought not to suffer therefrom. Their rights do not depend upon the degree of culpability of one or the other parent, and their needs must be provided for whether the existing conditions have been brought about by the fault of one or the other or of both parents".

■ The contrary view seems to rest upon the early common law rule that the father was entitled to the custody of his children and his duty to support them was based largely upon this right to their custody and control. In *Clardy v. Ford,* 203 S. C., 44, 26 S. E. (2d), 20, the Court said: "At the common law the primary right to the custody of a child is in the father, since the law requires him to maintain and support the child". But the rigor of the common law rule has been modified by numerous decisions of this Court and was finally abrogated by Statute (Section 8638 of the 1942 Code). It is now well established in this State that while the legal and moral rights of the parents will be regarded, the paramount consideration of the Court is the welfare of the child.

In *Koon v. Koon et al.,* 203 S. C., 556, 28 S. E. (2d), 89, the Court said: "The rule that obtains in this and practically all jurisdictions at the present day is, that the well-being of the child is to be regarded more than the technical legal rights of the parties, so that, following this rule, it is generally held that the child will not be delivered to the custody of either parent where it is not to its best interest. The

right of the parent is not absolute and unconditional. The primary consideration for the guidance of the Court is what is best for the child itself".

In *Campbell v. Campbell et al.*, 200 S. C., 67, 20 S. E. (2d), 237, the Court said: "The legal liability of the father to support his infant child remains as well after as before a divorce or separation". I think the authorities will show that there has been an extensive repudiation of the view that the duty to support a child is correlative with the right to its custody and services. On account of their tender years, their inability to provide for themselves, the importance to the State that they should be clothed, fed and nourished, the question of the maintenance and support of the children is a subject in which the State has a peculiar and vital interest.

The innocent child should not suffer because neither parent sees fit to have the right to its custody determined by the Courts. The wisdom of this view is illustrated in this particular case where it is shown that *habeas corpus* proceedings were instituted by appellant for the custody of these children, but he chose not to press the matter to a final conclusion, and now seeks to avoid the responsibility of supporting these children on the ground that he does not have custody of them.

■ However, in so far as criminal responsibility is concerned, the decisions cited by Mr. Chief Justice Baker clearly show that this Court is definitely committed to the view contrary to that entertained by the distinguished trial Judge. The rule adopted by these decisions is so well established that any correction, particularly in view of the fact that the construction of a criminal statute is involved, should now be made by the General Assembly. I assume that in a civil case the Court would not be bound to follow the foregoing rule which under our decisions must be adhered to in criminal prosecutions for non-support, although I see no reason for making a distinction because of the nature of the proceeding involved.

■ The foregoing views are expressed on the assumption that the children of appellant are inproperly detained by the mother. The correctness of this assumption, of course, is an issue to be passed upon by the jury. The testimony in this case is conflicting on the question of whether appellant's wife was without just cause or excuse in leaving the home provided by him and taking the children with her. The trial Judge, I think, properly submitted this question to the jury.

For the reasons stated, I concur in the opinion of the Chief Justice.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.