## DAVIS, DIRECTOR GENERAL OF RAILROADS, ETC. *v.* WECHSLER.

### CERTIORARI TO THE KANSAS CITY COURT OF APPEALS, STATE OF MISSOURI.

No. 70. Argued October 12, 1923.—Decided October 22, 1923.

1. A decision of a state court denying an objection to jurisdiction based on a federal regulation, upon the ground that the objection was waived by the appearance of the party making it, is reëxaminable by this Court. P. 24.

2. Where the Director General of Railroads, being sued upon a cause of action for personal injuries, in a state court whose practice permitted uniting a plea to the jurisdiction with a defense on the merits, pleaded a general denial and also that the court was without jurisdiction because the action was not brought in the proper county as required by a federal regulation governing the place for suits against carriers while under federal control, and his successors, designated by the President under the Transportation Act, 1920, successively entered appearance and adopted the answer theretofore filed, *held*, that a decision of the state court, treating the objection to the jurisdiction as going to the venue of the cause and as waived by the appearances, could not be sustained as a decision disposing of the case on a local ground independent of the federal question raised. *Id.*

3. The Transportation Act, 1920, § 206, (a), (d), does not invalidate a defense good when it was passed. P. 25.

209 Mo. App. 570, reversed.

CERTIORARI to a judgment of the Kansas City Court of Appeals, (the Supreme Court of Missouri having declined to review,) awarding damages to the plaintiff Wechsler, for personal injuries suffered upon a railroad, while it was under federal control.

· *Mr. Roy B. Thomson,* with whom *Mr. O. H. Dean, Mr. Albert E. Stoll, Mr. H. M. Langworthy* and *Mr. M. W. Borders* were on the briefs, for petitioner.

*Mr. William S. Hogsett,* with whom *Mr. Murat Boyle* and *Mr. Mont T. Prewitt* were on the briefs, for respondent.

·MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit for personal injuries suffered by the plaintiff (the respondent here) upon the Chicago Great Western Railroad on January 3, 1920, while that road was under federal control. The suit was brought against Walker D. Hines, the Director General, on January 29, 1920, in the Circuit Court of Jackson County, Missouri. The cause of action arose in another county and the plaintiff then and when the suit was brought resided in Illinois. By General Order 18-A it was ordered that "all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose." The defendant pleaded a general denial and also that the Court was without jurisdiction because of the foregoing facts. The plaintiff by replication relied upon the invalidity of the order, a point now decided against him. *Alabama & Vicksburg Ry. Co.* v. *Journey,* 257 U. S. 111. On February 25, 1921, the plaintiff amended and John Barton Payne, Director General of Railroads and agent designated by the President under Transportation Act, 1920, was substituted by agreement as successor of Hines and according to the record the "substituted defendant entered his appearance in said cause and adopted the answer theretofore filed by said Walker D. Hines, defendant." It was not disputed and was stated

by the Court below that by Missouri practice the defendant had a right to unite a plea to the jurisdiction and a defence on the merits, but it was held by the Court of Appeals, affirming a judgment for the plaintiff, that the provision in General Order 18-A went only to the venue of the action and was waived by the appearance of Payne. A similar effect was attributed to the appearance of the present petitioner Davis in the place of Payne. A writ of certiorari was denied by the Supreme Court of the State.

We are of opinion that the judgment must be reversed. Whatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. Even if the order went only to the venue and not to the jurisdiction of the Court, each Director General in turn plainly indicated that he meant to adopt the position of his predecessor, and to insist that the suit was brought in the wrong county. His lawful insistence cannot be evaded by attempting a distinction between his appearance and his substantially contemporaneous adoption of the plea. Indeed when the law requires him to unite his defence on the merits, which imports an appearance *pro hac vice,* with his preliminary plea, it is hard to understand how any effect could be attributed to the statement that he appeared. The state courts may deal with that as they think proper in local matters but they cannot treat it as defeating a plain assertion of federal right. The principle is general and necessary. *Ward* v. *Love County,* 253 U. S. 17, 22. If the Constitution and laws of the United States are to be enforced, this Court cannot accept as final the decision of the state tribunal as to what are the facts alleged to give rise to the right or to bar the assertion of it even upon local grounds. *Creswill* v. *Grand Lodge Knights of*

*Pythias,* 225 U. S. 246. This is familiar as to the substantive law and for the same reasons it is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way. See *American Ry. Express Co.* v. *Levee,* decided this day, *ante,* 19.

The Transportation Act, 1920, February 28, 1920, c. 91, § 206, (*a*) and (*d*); 41 Stat. 456, 461, 462, in no way invalidates a defence good when it was passed.

*Judgment reversed.*