### CONSTANCE v. GOSNELL.
#### Civil Action No. 574.

District Court, W. D. South Carolina, Spartanburg Division.

Sept. 13, 1945.

254

Venable Vermont, of Spartanburg, S. C., for plaintiff.

J. Allen Lambright and L. K. Leonard, both of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

This is an action to recover unpaid minimum wages, overtime, liquidated damages and attorneys' fees under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, for work performed for the defendant by the plaintiff, and his two minor sons, Fred and Columbus Constance.

The complaint alleges that the plaintiff's two minor sons live with him, that they have not been emancipated, and that the plaintiff, as their father, is entitled to any amount recovered under the Act for services rendered the defendant by them.

At a pre-trial conference the following question was presented for determination: Can a father recover judgment under the Fair Labor Standards Act for work done by his minor unemancipated sons in an action brought in his name, and if so, what is the measure of recovery?

The Fair Labor Standards Act provides: "Any employer who violates the provisions of section 206 or section 207 of this title *shall be liable to the employee or employees* affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." § 16.

Rule 17(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "Every action shall be prosecuted in the name of the real party in interest; * * *."

Under the *common law* the father is entitled to the earnings of his minor, unemancipated children during their minority. This right accrues to the father by way of compensation for the support, nurture, care, protection, maintenance and education actually afforded and furnished his children during their minority. The Etna, Fed.Cas.No.4,542; cf. State v. Scurry, 114 S.C. 191, 103 S.E. 527; State v. Lancaster, 135 S.C. 412, 133 S.E. 824. Such right can be lost only by emancipation. Emancipation may be accomplished by agreement expressed or implied. It may arise from conduct of the father inconsistent with his claim to the further obedience or services of the child, or it may occur by operation of law.

The liquidated damages for failure to pay the minimum wages under the provisions of the Act are compensation, not a penalty or punishment by the Government. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682. As was said by the Circuit Court of Appeals of the Sixth Circuit, in the case of Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628, 630, 631:

"The federal statute is premised upon the existence of an employment contract and double recovery is allowed as between the parties to the contract. * * * Thus here the claim for overtime compensation is founded upon and is coexistent with the contract. The action for double compensation may be considered as debt or as an action for wages due under the employment agreement. * * * under the federal decisions the statutory obligation contained in the Fair Labor Standards Act is read into and becomes a part of every employment contract between an employer and employee subject to the terms of the Act." The statute also provides that the court in such action shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. It, therefore, seems that, *under the common law,* the plaintiff would be entitled to maintain this action for all claims provided by the statute for his two minor sons as employees of the defendant.

It follows that *under the common law,* the real party in interest, so far as the claims of the two minor employees against the defendant are concerned, would be their father, the plaintiff in this action, and that the action could be prosecuted in his name.

But, in South Carolina a statute was enacted in 1923 granting to the *mother* of minor children equal rights with their father concerning their custody and earnings, as follows: "The wife and husband are the joint natural guardians of their minor children and are equally charged with their welfare and education, and the care and management of their estates; and *the wife and husband shall have equal power, rights and duties, and neither parent has any right paramount to the right of the other concerning the custody of the minor or the control of the services or the earnings of such minor or any other matter affecting the minor.* Neither parent shall forcibly take a child from the guardianship of the parent legally entitled to its custody. The welfare of the minor shall be the first consideration and the court having jurisdiction shall determine all questions concerning the guardianship of the minor. Nothing herein contained shall be construed to relieve the father of his common law obligation to support his children, nor shall it be construed to increase the liability of the mother to support the children." (Emphasis added) Code of Laws of South Carolina, 1942, Section 8638.

It is admitted that plaintiff's wife, the mother of the two minor employees, is living, and that the minor employees reside with their father and mother. Such being the facts in this case, it is my opinion that under the provisions of the foregoing South Carolina statute, since the wife and husband have equal power, rights and duties, and neither parent has any right paramount to the right of the other concerning the control of the services or the earnings of such minors, the mother of the two minor children is a real party in interest and is, therefore, a necessary party to this action.

Plaintiff may be allowed ten days within which to amend his complaint by making the mother of the two minor children a party plaintiff. An order accordingly may be presented.