WILLIE HUNTLEY, PLAINTIFF, v. PATRICIA HUNTLEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 21, 1972.

*Mr. Louis M. Minotti* for plaintiff.

*Mr. Herman Blank* for defendant.

CONSODINE, J. S. C. Plaintiff charges his wife with adultery in a case filed a fortnight after the amendments to our Divorce Law became effective. Defendant denies. The facts disclose that the parties were married in 1964; that four years later plaintiff married another, who thereafter bore him three children; that a year later plaintiff secured a fraudulent North Carolina *ex parte* divorce from defendant without her knowledge until trial in this case; that in this case plaintiff sought by perjury to defraud our courts into granting him a divorce.

Defendant raises the defense of recrimination and calls on the court to invoke the doctrine of unclean hands. *N. J. S. A.* 2A:34–7 abolishes both as defenses to a divorce action.

Defendant argues that she had the defense of recrimination for several years prior to the filing of this suit; that this defense had become vested as such, and that she cannot be divested of it by legislation abridging the equity jurisdiction of this court. In *Davis v. Wechsler,* 263 *U. S.* 22, 25, 44 S. Ct. 13, 68 L. Ed. 143 (1923), Justice Holmes wrote for a unanimous court that a defense which was good when it vested cannot be invalidated by subsequent legislation. See also *Young v. Young,* 94 *N. J. Eq.* 155 *(E. & A.* 1922); *Pennsylvania Greyhound Lines, Inc., v. Rosenthal,* 14 *N. J.* 372 (1954).

Our amendatory legislation, *supra*, cannot deprive defendant of her vested right to the defense of recrimination.

■ While the pertinent amendment prevents the parties from raising the defenses of recrimination, condonation and unclean hands, the legislation cannot impair the inherent and inherited jurisdiction of the Chancery Court.

Unclean hands as a defense here is applied by the court to plaintiff on the facts before it so as to prevent a party guilty of bigamy, adultery, perjury and frauds on the courts of the States of North Carolina and New Jersey from using a court of conscience to secure absolution for his misdeeds.

■ A court of equity acts only when and as conscience commands, and if plaintiff's conduct is offensive to the dictates of natural justice, then whatever the rights possessed, plaintiff will be held remediless in a court of equity. *Deweese v. Reinhard*, 165 *U. S.* 386, 390, 17 S. Ct. 340, 41 L. Ed. 757 (1897). See also *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 *U. S.* 806, 814–815, 65 S. Ct. 993, 89 L. Ed. 1381 (1945); *Woodward v. Woodward*, 41 *N. J. Eq.* 224 (*Ch.* 1914).

And generally, see *N. J. Constitution* (1947), *Art.* VI, § III, par. 2, and Art. XI, § I, par. 3 and § IV, par. 3, *N. J. Constitution* (1844), Art. 10, § 1; *Penn. R. R. Co. v. National Docks Ry. Co.*, 54 *N. J. Eq.* 647, 652 (E. & A. 1896); *Flanigan v. Guggenheim Smelting Co.*, 63 *N. J. L.* 647, 651 (E. & A. 1899); *In re Hague*, 104 *N. J. Eq.* 31, 36 (Ch. 1929), aff'd 104 *N. J. Eq.* 369 (E. & A. 1929); In re *Appointment of Vice Chancellors*, 105 *N. J. Eq.* 759 (Ch. 1930); *Phelps Dodge, etc., Corp. v. United, etc., of America*, 138 *N. J. Eq.* 3, 8, 9 (Ch. 1946); *Westinghouse Electric Corp. v. United Electrical, etc.*, 139 *N. J. Eq.* 97, 107 (E. & A. 1946); *In re Caruba*, 140 *N. J. Eq.* 563, 564 (E. & A. 1947), aff'g 139 *N. J. Eq.* 404, 426 (Ch. 1947); *N. J. S. A.* 2A:34–1(f).

Motion to dismiss the complaint granted.