123 N.J. Super. 388 (1973)
303 A.2d 333
JAMES F. HANSEN, PLAINTIFF,
v.
PATRICIA ANN FREDO, OTHERWISE KNOWN AS PATRICIA ANN HANSEN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1973.
*389 Mr. Gabriel Kirzenbaum for plaintiff.
McKENZIE, J.C.C., Temporarily Assigned.
Plaintiff sues for annulment on the ground that at the time of the marriage ceremony in question his prior marriage had not been terminated.
Plaintiff married for the first time on January 4, 1965. Following a separation his wife informed him in the early part of 1967 that she had gotten a divorce from him. He received no divorce papers and made no request for the same.
Thereafter, on April 3, 1967 plaintiff went through a form of marriage ceremony with defendant before a justice of the peace in Georgia. Two children were born of the marriage.
His first wife actually did not obtain a judgment of divorce in New Jersey until November 2, 1967. Plaintiff testified that it was not until about November 1968 that he ascertained that his first marriage had not been dissolved at the time of the second. He did not separate from defendant until April 1969.
Under the foregoing circumstances, is plaintiff barred from obtaining a judgment of annulment?
A marriage contracted while one of the parties is lawfully married to another is void ab initio and not merely voidable. Dacunzo v. Edgye, 19 N.J. 443 (1955); Chirelstein v. Chirelstein, 12 N.J. Super. 468 (App. Div. 1951); Thompson v. Monteiro, 58 N.J. Super. 302 (Ch. Div. 1959). This was the common law rule. Rooney v. Rooney, 54 N.J. Eq. 231 (Ch. 1896).
*390 At one time there was some question as to whether a court of equity could refuse to declare a bigamous marriage void. See Rooney v. Rooney, supra. This issue was resolved by our former Court of Errors and Appeals in Tyll v. Keller, 94 N.J. Eq. 426 (1923). It was there held that plaintiff had the burden of proving by a preponderance of the evidence that he had no knowledge of the prior marriage. Plaintiff having failed to persuade the court in this respect, his petition was dismissed.
This rule has been the subject of criticism on the ground that to bar a plaintiff from relief under such circumstances amounts to "bigamy by estoppel." See Note 3 Rutgers L. Rev. 295 (1949); 12 N.J. Practice (Herr, Marriage, Divorce and Separation), § 1385 at 20 (1963). Nevertheless, the Tyll case has been followed and our courts have consistently refused to grant an annulment to a plaintiff who has failed to establish his lack of knowledge of the impeding marriage. Dolan v. Wagner, 95 N.J. Eq. 1 (Ch. 1923); aff'd 96 N.J. Eq. 298; Smith v. Hrzich, 1 N.J. 1 (1948); Tonti v. Chadwick, 1 N.J. 531 (1949); Endres v. Grove, 34 N.J. Super. 146 (Ch. Div. 1955).
In addition, our courts have historically refused to grant relief to a party who, upon ascertaining the existence of the impediment rendering the marriage bigamous, continues to live with the other party. Ancrum v. Ancrum, 9 N.J. Misc. 795 (Ch. 1931); Keller v. Linsenmyer, 101 N.J. Eq. 664 (Ch. 1927); Dacunzo v. Edgye, supra; Endres v. Grove, supra.
With the adoption of our new Divorce Act our Legislature amended N.J.S. 2A:34-7 to provide:
Recrimination, condonation and the clean hands doctrine are hereby abolished as defenses to divorce from the bonds of matrimony or from bed and board, and if both parties make out grounds for a divorce, a decree may be granted to each; provided that nothing herein shall preclude or abrogate the responsibility of a party for the penalty provided by law for perjury or the subornation of perjury.
It is noted that this provision includes both types of suits for divorce, but does not include annulment cases. In view *391 of the long-continued application by our courts of the unclean hands doctrine to annulment cases as well as divorce cases, it seems clear that the Legislature intended by the foregoing to continue the unclean hands doctrine as a defense in annulment cases, and this court so holds. See Lemke v. Bailey, 41 N.J. 295 (1963); Lane v. Holderman, 40 N.J. Super. 329 (App. Div. 1956) aff'd 23 N.J. 304 (1957); Blackman v. Illes, 4 N.J. 82 (1950).
The present case was uncontested and therefore no defense was raised. However, a court of equity, as a court of conscience, should sua sponte raise such a defense itself where, after weighing the equities and the interests of justice and public policy, it believes that plaintiff should not receive the relief requested. Ancrum v. Ancrum, supra; Trautwein v. Bozzo, 39 N.J. Super. 267 (App. Div. 1956); Untermann v. Untermann, 19 N.J. 507 (1955). See also Huntley v. Huntley, 121 N.J. Super. 328, 297 A.2d 13 (Ch. 1972).
Here it is to be noted that defendant wife was in no way responsible for the situation. It was in fact plaintiff's prior marriage which caused the impediment. He offered no testimony as to any real effort on his part to ascertain whether he was actually divorced before entering in to the marriage in question. He did not testify that he received any suit papers. He did not attempt to obtain a copy of the judgment for divorce before he married apparently a very short time after he was told by his former wife that she had divorced him. He could not recall whether he was asked, when obtaining a license to marry the defendant in Georgia, whether he had been previously married.
From the facts adduced before the court, plaintiff's conduct in failing to ascertain the status of the prior marriage before marrying defendant, and then continuing to live with her after he unquestionably was aware of the bigamous nature of his marriage to her, calls into play the doctrine of unclean hands, barring plaintiff from the relief sought.
The complaint is dismissed.