No. 90–7435.   SPENCER *v.* GEORGIA.   Sup. Ct. Ga.   Certiorari denied.

JUSTICE KENNEDY, concurring.

A majority of the Court has voted to deny certiorari and, after initial reservations, I now concur in that judgment.   This case appears to present important questions of federal law, and if I thought our decision in *Teague* v. *Lane,* 489 U. S. 288 (1989), would prevent us from reaching those issues on federal habeas review, I would have voted to grant certiorari.   I have confidence that petitioner's equal protection claim will not be barred in federal habeas corpus proceedings by *Teague* and its progeny, and that habeas review presents an appropriate and adequate forum for making a record and resolving petitioner's contentions.

Petitioner James Lee Spencer, a black man, was convicted and sentenced to death by a jury made up of six whites and six blacks, after the prosecutor used nine peremptory challenges to exclude black venirepersons from the jury.   Petitioner argued that racial bias had infected the jury deliberations at his trial, see *McCleskey* v. *Kemp,* 481 U. S. 279 (1987), submitting the affidavit of a juror in support of this claim.   The juror alleged that other jurors uttered racial slurs concerning petitioner during deliberations.   The affiant also purported to know that petitioner's race was an important factor in the decision of certain jurors to convict petitioner

and sentence him to death. Though the Georgia Supreme Court's decision is somewhat ambiguous, its rejection of petitioner's *McCleskey* claim rested at least in part on Ga. Code Ann. § 17–9–41 (1990), which provides that "affidavits of jurors may be taken to sustain but not to impeach their verdict."

State rules of evidence have no direct application in federal habeas courts. Those courts, however, will have to determine whether the statute relied on by the Georgia Supreme Court to reject petitioner's *McCleskey* claim represents an adequate state ground for its decision, barring federal court review. See *James* v. *Kentucky*, 466 U. S. 341 (1984); *Henry* v. *Mississippi*, 379 U. S. 443 (1965); *Brown* v. *Western R. Co. of Alabama*, 338 U. S. 294 (1949); *Davis* v. *Wechsler*, 263 U. S. 22 (1923); Meltzer, State Court Forfeitures of Federal Rights, 99 Harv. L. Rev. 1128, 1142–1145 (1986); see also *Howlett* v. *Rose*, 496 U. S. 356 (1990); *Rock* v. *Arkansas*, 483 U. S. 44 (1987); *Green* v. *Georgia*, 442 U. S. 95 (1979) *(per curiam)*.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), I would grant certiorari and vacate the death sentence in this case.