Ct. App. Cal., 4th App. Dist. Certiorari denied.
Opinion of
Justice Stevens,
with whom Justice Souter and Justice Ginsburg join,
respecting the denial of the petition for a writ of certiorari.
This pro se petition for certiorari raises a serious question concerning the application of California’s “three strikes” law, Cal. Penal Code Ann. § 667 (West Supp. 1998), to petty offenses.
In 1995, petitioner stole a bottle of vitamins from a supermarket. The California Court of Appeal described his offense as “a petty theft motivated by homelessness and hunger.” App. to Pet. for Cert. 12. If this had been petitioner’s first offense, it would have been treated as a misdemeanor punishable by a fine or a jail sentence of six months or less. See Cal. Penal Code Ann. §490 (West 1988). Because of petitioner’s prior record, however, the trial judge was authorized, and perhaps even required, to treat the crime as a felony. See Cal. Penal Code Ann. § 666 (West Supp. 1998); People v. Terry, 47 Cal. App. 4th 329, 54 Cal. Rptr. 2d 769 (1996); People v. Dent, 38 Cal. App. 4th 1726, *1115 45 Cal. Rptr. 2d 746 (1995). Having elevated the character of the offense, the judge was then compelled to apply the mandatory sentencing provisions of the three-strikes law and to impose a minimum sentence of 25 years to life imprisonment. See Cal. Penal Code Ann. § 667(e)(2)(A) (West Supp. 1998) (requiring that persons convicted of a “felony’' who have two prior qualifying felony convictions be so sentenced). Petitioner asks us to decide that this sentence is so “grossly disproportionate” to his crime that it violates the Eighth Amendment. See Harmelin v. Michigan, 501 U. S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment).
This question is obviously substantial, particularly since California appears to be the only State in which a misdemeanor could receive such a severe sentence. See id., at 1004-1005 (opinion of Kennedy, J.); Solem v. Helm, 463 U.S. 277, 291 (1983). While this Court has traditionally accorded to state legislatures considerable (but not unlimited) deference to determine the length of sentences “for crimes coneededly classified and classifiable as felonies,” Rummel v. Estelle, 445 U. S. 263, 274 (1980), petty theft does not appear to fall into that category. Furthermore, petty theft has many characteristics in common with the crime for which we invalidated a life sentence in Solem, uttering a “no account” check for $100. “It involve[s] neither violence nor [the] threat of violence to any person”; the amount of money involved is relatively small; and the State treats the crime as a felony (here, only under certain circumstances) pursuant to a unique quirk in state law. 463 U. S., at 296, and n. 20.
Nevertheless, there are valid reasons for not issuing the writ in this case. Neither the California Supreme Court nor any federal tribunal has yet addressed the question. Given the fact that a defendant’s prior criminal record may play a dual role in the enhancement scheme—first converting the misdemeanor into a felony, and then invoking the provisions of the three-strikes law— there is some uncertainty about how our cases dealing with the punishment of recidivists should apply. We have of course held that “a State is justified in punishing a recidivist more severely than it punishes a first offender.” Id., at 296. But in order to avoid double jeopardy concerns, we have repeatedly emphasized that under recidivist sentencing schemes “the enhanced punishment imposed for the [present] offense ‘is not to be viewed as ... [an] additional penalty for the earlier crimes,’ but instead as ‘a *1116 stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.’” Witte v. United States, 515 U. S. 389, 400 (1995) (quoting Gryger v. Burke, 334 U. S. 728, 732 (1948)). See also Moore v. Missouri, 159 U. S. 673, 677 (1895) (under a recidivist statute, "the accused is not again punished for the first offence” because “ ‘the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself ’ ”). It is thus unclear how, if at all, a defendant’s criminal record beyond the requisite two prior “strikes”—petitioner in this case has eight prior felony convictions—affects the constitutionality of his sentence, especially when the State “double counts” the defendant’s recidivism in the course of imposing that punishment. Cf. Solem, 463 U. S., at 298-299; Rummel, 445 U. S., at 274, n. 11.
The denial of this petition for certiorari, as always, does not constitute a ruling on the merits. Moreover, since petitioner is asking us to apply a settled rule of Eighth Amendment law, rather than to fashion a new rule, his claim may be asserted in federal court by way of an application for a writ of habeas corpus. See Spencer v. Georgia, 500 U. S. 960 (1991) (Kennedy, J., concurring in denial of certiorari). It is therefore prudent for this Court to await review by other courts before addressing the issue. Cf. McCray v. New York, 461 U. S. 961 (1983) (opinion of Stevens, J., respecting denial of certiorari).