No. 00–6479. DURDEN v. CALIFORNIA. Ct. App. Cal., 2d App. Dist. Certiorari denied.

JUSTICE SOUTER, with whom JUSTICE BREYER joins, dissenting.

Two Terms ago this Court denied certiorari in *Riggs* v. *California,* 525 U. S. 1114 (1999). The issue was an Eighth Amendment challenge to California's statutory scheme that allows a petty theft (normally a misdemeanor) to be counted as a third felony for purposes of a three-strikes law, resulting in a sentence of 25 years to life. *Id.,* at 1115. This case raises the same issue; the value of the goods taken was $43. Pet. for Cert. 8.

JUSTICE BREYER dissented from the denial of certiorari in *Riggs,* while JUSTICE STEVENS filed an opinion respecting the denial, in which JUSTICE GINSBURG and I joined. A principal reason that the three of us were led to concur in the denial of review was the expectation that rulings by other courts on challenges to the California scheme would be valuable to us in any examination of the issue we might ultimately give it. I no longer think this a sufficient reason to postpone what I assume will inevitably be a decision at some point to examine the matter.

Two years after *Riggs,* the Supreme Court of California has not taken up the issue, and petitioner (like Riggs) seeks review of an intermediate appellate court decision. We are advised that Federal District Courts have uniformly denied relief to California petitioners like this one. See *Wallace* v. *Castro,* No. C 99–2270 CRB (PR), 2000 WL 1262662 (ND Cal., Aug. 30, 2000); *Gamble* v. *Pliler,* No. C 99–2133 WHA (PR), 2000 WL 126125 (ND Cal., Jan. 31, 2000). While it is not apparent (save in one instance) why the Ninth Circuit has not considered the issue, my inclination to wait until it has done so is checked by two considerations: the potential for disagreement over application of the habeas corpus review standards of *Teague* v. *Lane,* 489 U. S. 288 (1989), and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, § 101 *et seq.,* 110 Stat. 1214, as amended, were we to

take up this question in the federal habeas context; and the uncontroverted representation of petitioner's counsel that some 319 California prisoners are now serving sentences of 25 years to life for what would otherwise be misdemeanor theft under the California scheme.

On these facts, I would wait no longer. The issue is serious, the state courts have had adequate opportunity to consider it, and the stakes are substantial. I respectfully dissent from denial of the petition for certiorari.