**Craig Ladale SMITH, Petitioner–Appellant,**

v.

**William DUNCAN, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 99–56117.
D.C. No. CV–98–00876–RBB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2001.*

Decided Aug. 30, 2001.

Before CYNTHIA HOLCOMB HALL, MICHEL,** and TROTT, Circuit Judges.

MEMORANDUM ***

In this appeal from the district court's denial of a petition for habeas corpus, Craig Ladale Smith argues that the Cali-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Paul R. Michel, Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fornia courts violated his Eighth Amendment right to be free from cruel and unusual punishment by sentencing him under California's "three strikes" law to a term of 25 years to life for petty theft. We have jurisdiction over this appeal under 28 U.S.C. § 1291. Given Smith's extensive criminal record, we cannot say that his sentence violated his clearly established Eighth Amendment rights, as determined by the United States Supreme Court. Accordingly, we AFFRIM.

## DISCUSSION

Because the parties are familiar with the facts of this case, we repeat them only as necessary to explain our decision.

### A. Standard of Review

We review *de novo* a district court's decision to grant or deny a state prisoner's petition for habeas relief. *See Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000). Because Smith filed his habeas petition in 1998, he is subject to the provisions of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), and in particular to 28 U.S.C. § 2254(d)(1), which mandates substantial deference to the decisions of state courts. We may grant a habeas petition only if the state court's "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id* .

### B. Analysis

■ Smith's principal argument is that a sentence of twenty-five years to life is disproportionate to his crime of petty theft of a toolbox, and therefore runs afoul of the Eighth Amendment. However, Supreme Court cases addressing whether the Eighth Amendment incorporates a proportionality requirement have been anything but consistent. *Compare Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) *with Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Standing alone, the lack of clear guidance from the Supreme Court undercuts any argument that Smith's sentence violates clearly established rights.

Moreover, Smith's case is factually very similar to *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), which dealt extensively with the treatment of repeat offenders. In *Rummel*, the defendant was charged with obtaining about $120 by false pretenses, a felony. *Id* . at 266, 100 S.Ct. 1133. He had been convicted of theft-related felonies twice before, although the amounts he had stolen were under $100 in each case. Because of this prior record, however, Rummel was prosecuted under the state's recidivist statute. Although his offense normally carried a sentence of two to ten years, Rummel was convicted and sentenced to life in prison. *Id.* Nonetheless, the Court held that Rummel's sentence did not violate the Eighth Amendment. In so doing, the Court emphasized the state's interest in punishing repeat offenders more harshly than one-time offenders. *See id.* at 276, 100 S.Ct. 1133 (noting that states have an interest "in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law."). The Court also noted that Rummel had served significant prison terms for each of his prior felonies, and that "conviction and actual imprisonment [did] not deter him from returning to crime." *Id.* at 278, 100 S.Ct. 1133. Additionally, the Court noted that Rummel's life sentence did not preclude the possibility of parole, and stated that it "could hardly ignore the possibility that [Rummel] will not actually be imprisoned for the rest of his life." *Id.* at 281, 100 S.Ct. 1133.

*Rummel* forecloses any argument that Smith's sentence violated clearly estab-

lished Supreme Court law. Smith's current offense, like Rummel's, was a relatively minor theft offense-stealing a toolbox versus obtaining $120 by false pretenses. As in *Rummel,* the basis for Smith's harsh sentence was his recidivism. Like Rummel, Smith's sentence carries with it the possibility of parole. This fact serves to distinguish *Solem,* upon which Smith relies heavily.

The differences between *Rummel* and the present case do not cut in Smith's favor. Unlike Rummel, one of Smith's priors-attempted arson-was a crime of violence that involved a significant threat to human safety. And Smith's prior conviction for residential burglary, which involves a significant risk that a violent encounter will occur, can hardly be classified as minor. *Cf. Solem,* 463 U.S. at 280 n. 1, 103 S.Ct. 3001 (classifying defendant's burglary convictions as minor where those burglaries did not involve breaking into a house). Smith's sentence of twenty-five years to life is potentially far less than Rummel's. Finally, Smith has a substantial record beyond the two prison priors that counted as the first two strikes. In view of the facts in *Rummel* and its emphasis on a state's interest in punishing repeat offenders more harshly, it cannot be said that Smith's sentence clearly violated the Eighth Amendment.

■ We also reject Smith's argument that the California Courts violated his Eighth Amendment rights by using his prior burglary conviction twice-first to elevate petty theft to a felony, and also to count as his second strike. Smith did not raise this argument below. Rather, the "double-counting" angle seems to have been raised for the first time by the district court in granting a certificate of appealability. Smith's argument is therefore waived. *See Poland v. Stewart,* 169 F.3d 573, 583 n. 4 (9th Cir.1999).

■ Even if we were to reach the issue, the dual use of Smith's prior burglary conviction cannot have violated his clearly established rights. Smith bases his argument on two opinions of Supreme Court justices dissenting from denials of certiorari. *See Riggs v. California,* 525 U.S. 1114, 119 S.Ct. 890, 142 L.Ed.2d 789 (1999); *Durden v. California,* 531 U.S. 1184, 121 S.Ct. 1183, 148 L.Ed.2d 1027 (2001). While each of these opinions express concern about the fairness of double-counting a single conviction, the "double-counting" argument appears to be an entirely new twist on Eighth Amendment jurisprudence. It has certainly never been addressed by the full Supreme Court, and, as the opinions dissenting from denials of certiorari note, has not been developed in state or lower federal courts either. Under such circumstances, dual use of Smith's prior burglary conviction can hardly be said to violate rights that are clearly established by Supreme Court cases.

AFFIRMED.