NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC LAMONT CLAY, Petitioner-Appellant, v. RAYMOND MADDEN, Warden, Respondent-Appellee. | No. 20-55525 D.C. No. 2:17-cv-03081-MWF-KES MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 17, 2023
Pasadena, California

Before: TASHIMA and FORREST, Circuit Judges, and CARDONE,** District
Judge.

Eric Clay appeals the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Reviewing "the denial of a Section 2254 habeas corpus petition de novo," we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

affirm.  *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022) (citing *Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018)).

1.  Clay first argues that the state court's application of *Jackson v. Virginia*, 443 U.S. 307 (1979), on direct appeal "involved an unreasonable application of[] clearly established Federal law."  *See* 28 U.S.C. § 2254(d)(1).  One of the counts Clay challenges is supported by the victim's identification and circumstantial evidence.  *See United States v. Valencia-Amezcua*, 278 F.3d 901, 910 (9th Cir. 2002).  The other is supported by modus operandi evidence, linking the attack against one woman to the attacks against the other three.  *See Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir. 1986).  The state court thus reasonably concluded that sufficient evidence supported the verdict on these counts.  *See United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004); *People v. Prince*, 156 P.3d 1015, 1073 (Cal. 2007); *People v. Allen*, 211 Cal. Rptr. 837, 840–41 (Ct. App. 1985).

2.  Second, Clay argues that the trial court violated his Confrontation Clause rights by admitting testimony about a police database search that tied him to the assaults.  On appeal, the state court held he had forfeited this claim under California's contemporaneous objection rule.  We lack jurisdiction to assess the state court's application of its procedural rules, *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (collecting cases), and we lack jurisdiction to assess Clay's

Confrontation Clause claim because this procedural rule represents an "independent and adequate state [ ] ground[]," *Fauber v. Davis*, 43 F.4th 987, 1002 (9th Cir. 2022) (citation omitted).

Furthermore, this is not an "exceptional case[] in which exorbitant application of a generally sound [state procedural] rule renders the state ground inadequate" and saves the claim from procedural default. *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (citing *Davis v. Wechsler*, 263 U.S. 22, 24 (1923)). Clay did not "substantially compl[y]" with the contemporaneous objection rule and thereby preserve his Confrontation Clause claim by raising a hearsay objection. *See id.* at 382–83; *Osborne v. Ohio*, 495 U.S. 103, 124–25 (1990). To be sure, an evidentiary objection can preserve "a claim that merely restates, under alternative legal principles, a claim otherwise identical to one that was properly preserved." *People v. Partida*, 122 P.3d 765, 769 (Cal. 2005) (quoting *People v. Yeoman*, 72 P.3d 1166, 1187 (Cal. 2003)). Because hearsay and the Confrontation Clause entail meaningfully different legal analyses, *see Ohio v. Clark*, 576 U.S. 237, 250 (2015), Clay's hearsay objection did not preserve his Confrontation Clause argument or rescue it from procedural default. *See Partida*, 122 P.3d at 769.

Clay contends that even if his claim is procedurally defaulted, the default is excused by cause and prejudice, specifically his trial lawyer's ineffective assistance. *See Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016). Given the

3

brevity of the prosecutor's comments on the database testimony during closing and the strength of the other inculpatory evidence at trial, any deficient performance by failing to object on Confrontation Clause grounds was not prejudicial. *See Hein v. Sullivan*, 601 F.3d 897, 917–19 (9th Cir. 2010); *United States v. Molina*, 934 F.2d 1440, 1448 n.7 (9th Cir. 1991) (citing *Weygandt v. Ducharme*, 774 F.2d 1491, 1493 (9th Cir. 1985)). Accordingly, there was no ineffective assistance of counsel, and thus no cause and prejudice to excuse Clay's procedurally defaulted Confrontation Clause claim. *See Visciotti*, 862 F.3d at 769.

3. Third, Clay asserts that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), on direct appeal when it rejected his claim that it was ineffective assistance not to file a motion to suppress. The state court reasonably concluded that there was not ineffective assistance because "where [a] motion would be without merit," a lawyer does not need to file one to act competently. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). A lineup is not unduly suggestive when there are variations in skin tone among people of the same race. *See People v. Shabazz*, 22 Cal. Rptr. 3d 472, 478 (Ct. App. 2004), *rev'd in part on other grounds*, 130 P.3d 519 (Cal. 2006); *People v. Dokins*, 194 Cal. Rptr. 3d 626, 642 (Ct. App. 2015), *vacated in part on other grounds*, 2017 WL 511839 (Cal. Ct. App. Feb. 8, 2017). Nor is it unduly suggestive for witnesses to view a lineup together instead of separately, so long as they do not communicate, as was

4

the case here. *See United States v. Bowman*, 215 F.3d 951, 965–66 (9th Cir. 2000). No authority supports Clay's contention that it is unduly suggestive to show a live lineup on the same day as a photo lineup, and analogous cases suggest the opposite conclusion. *Cf. People v. Ybarra*, 83 Cal. Rptr. 3d 340, 352–53 (Ct. App. 2008), *disapproved of on other grounds*, *People v. Gutierrez*, 324 P.3d 245 (Cal. 2014). Finally, it was not unduly suggestive to instruct Clay to open his eyes during one of the live lineups. *Cf. Torres v. City of Los Angeles*, 548 F.3d 1197, 1208–09 (9th Cir. 2008). The state court thus reasonably concluded that Clay's lawyers did not render ineffective assistance by not filing a suppression motion. *See Lowry*, 21 F.3d at 346.

4. Fourth, Clay argues that the state court unreasonably applied *Strickland* on direct appeal when it held that it was not ineffective assistance to fail to challenge Juror No. 11, who knew one of the State's witnesses. Because Juror No. 11 said he could remain impartial, the state court reasonably concluded that keeping him on the jury could have been a strategic choice. *See Fields v. Woodford,* 309 F.3d 1095, 1108 (9th Cir. 2002); *United States v. Quintero-Barraza*, 78 F.3d 1344, 1349 (9th Cir. 1995). And because the witness largely repeated what the women testified to, and other evidence supported the conviction, the state court reasonably concluded that Juror No. 11's presence did not prejudice the outcome. *See Molina*, 934 F.2d at 1448 n.7. Even if the state court reached

this conclusion without considering evidence that aided Clay's misidentification defense, such evidence was not central to this defense, so the court did not rely on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2); *cf. Yun Hseng Liao v. Junious*, 817 F.3d 678, 693–94 (9th Cir. 2016).

5. Fifth, Clay argues that the state habeas court unreasonably concluded that his lawyer's smaller failures, combined with his other two claims of ineffective assistance discussed previously, cumulatively prejudiced him.

But none of the smaller errors amount to ineffective assistance: Whether to give an opening statement is a strategic decision. *LaGrand v. Stewart*, 133 F.3d 1253, 1275 (9th Cir. 1998). As was the choice not to introduce evidence of Clay's birthmarks. *See Hernandez v. Chappell*, 923 F.3d 544, 557 (9th Cir. 2019). Clay's lawyer was not so disorganized as to render deficient performance. *See Sims v. Brown*, 425 F.3d 560, 586 & n.17 (9th Cir. 2005) (collecting cases). And testimony from Clay's barber, evidence of "bandit" cabs, and testimony about cross-racial identifications all would have been cumulative—so the choice not to present this evidence was not deficient performance either. *See Fairbank v. Ayers*, 650 F.3d 1243, 1253 (9th Cir. 2011). Because "no error of constitutional magnitude occurred, no cumulative prejudice is possible." *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) (citing *United States v. Larson*, 460 F.3d 1200, 1217 (9th Cir. 2006), *overturned in part on other grounds*, 495 F.3d 1094 (en banc)).

6.  After his Opening Brief was filed, Clay filed a pro se supplemental brief, which purports to raise additional claims mentioned in the district court's certificate of appealability.[1]  His counsel requests that the Court consider this pro se filing.  The Court denies counsel's request.

Even if we were to consider the arguments Clay raises, they would fail on their merits.  He brings two claims of prosecutorial misconduct.  His first—that the prosecutor relied on facts not in evidence—is procedurally defaulted.  *Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017).  His second—that the prosecutor mischaracterized some of the physical evidence—fails because the prosecutor's statements were minor and brief, and because his lawyer pointed out the supposed mischaracterization.  *Hein*, 601 F.3d at 912 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

7.  Clay also filed a pro se request for an evidentiary hearing regarding these prosecutorial misconduct claims, and his counsel has asked us to consider this request as well.  The Court denies counsel's motion.  In any event, Clay is not entitled to an evidentiary hearing because his prosecutorial misconduct claims fail for reasons clear from the record.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

---

[1] To the extent Clay's supplemental brief raises additional arguments not addressed by the district court, they are forfeited.  *See Miles v. Ryan*, 713 F.3d 477, 494 n.19 (9th Cir. 2013) (citing *Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir. 1998)).

8. Finally, Clay filed a pro se request to supplement his Reply Brief. The Court denies his request. Even if we considered his arguments, they would not change matters: His first ineffective assistance claim fails because his lawyer emphasized the inconsistencies that Clay says she ignored. His second ineffective assistance claim fails because even if Clay had a right to a bill of particulars, an alibi defense would not have changed the outcome at trial—GPS data shows him at the scene of the assault of the only woman who was sure when she was attacked. *See Strickland*, 466 U.S. at 694.

And his prosecutorial misconduct claim fails because it is not apparent from the record that the prosecutor exaggerated her testimony. Either way, substantial modus operandi evidence supported the charge, and the prosecutor's comments played a minor role. *See Hein*, 601 F.3d at 912.

9. For the foregoing reasons, Clay's request for an evidentiary hearing, ECF No. 57, is **DENIED**; counsel's motion to consider Clay's pro se filings, ECF No. 58, is **DENIED**; Clay's request to supplement his Reply Brief, ECF No. 82, is **DENIED**; and the district court's judgment is **AFFIRMED.**